UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD J. POTTER,

                            Plaintiff,

             -against-

PORT JERVIS POLICE DEPARTMENT;
ANDREW HANIUK; CHRISTOPHER
MEHEDIN,

                            Defendants.

1:20-CV-7209 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

 Plaintiff, who is presently held in the Pike County Correctional Facility in Lords Valley,

Pennsylvania, brings this action *pro se*, asserting that the defendants violated his federal

constitutional rights. He sues the Port Jervis Police Department as well as Police Officers

Andrew Haniuk and Christopher Mehedin and seeks damages. By order dated October 29, 2020,

the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis*.[1] For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

 The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

### A.    *Potter v. Port Jervis Police Dep't*, **1:19-CV-10519 (CM)**

On November 8, 2019, the Court received Plaintiff's *pro se* complaint that commenced *Potter v. Port Jervis Police Dep't*, 1:19-CV-10519 (CM) ("*Potter I*"). In that action, Plaintiff sued the Port Jervis Police Department ("PJPD"), as well as Police Officers Andrew Haniuk and

2

Christopher Mehedin, and alleged that they violated his federal constitutional rights. His claims arose from Haniuk and Mehedin's October 20, 2018 arrest of him, as well as their search of his vehicle.

In an order dated February 3, 2020, Chief Judge Colleen McMahon dismissed *Potter I* *sua sponte*. She construed Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. She dismissed, with prejudice, Plaintiff's claims against the PJPD for failure to state a claim on which relief may be granted because the PJPD is not a suable entity, and because Plaintiff failed to allege facts showing that a policy, custom, or practice of the City of Port Jervis caused a violation of his constitutional rights. ECF 1:19-CV-10519, 10, at 3-4, 9-10. She also dismissed, without prejudice, Plaintiff's claims against Haniuk and Mehedin – claims of illegal search and seizure and of false arrest – for failure to state a claim on which relief may be granted, under the doctrine first articulated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Id.* at 4-10.[2] Plaintiff did not appeal.

**B.    The present action**

In the present complaint, which Plaintiff placed into his facility's mail system for its delivery to the Court on or about August 28, 2020, Plaintiff again sues the PJPD, Haniuk, and Mehedin, and again asserts that they violated his constitutional rights. He alleges that on October 20, 2018, Haniuk and Mehedin illegally stopped him, searched his vehicle, seized property from

---

[2] Under *Heck*, a plaintiff is prohibited from asserting a claim under § 1983 "for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486 (footnote omitted). A plaintiff may only proceed with such a claim if he can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Chief Judge McMahon held that Plaintiff's claims under § 1983 against Haniuk and Mehedin were inconsistent with his associated conviction. *See* ECF 1:19-CV-10519, 10, at 4-9.

his vehicle, and arrested him. (ECF 1, at 4-10.) The Court construes the present complaint as

asserting claims for damages under § 1983.[3]

## DISCUSSION

### A.      The Port Jervis Police Department

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not

bring a new civil action that includes claims or defenses that were or could have been raised in

an earlier action in which the same parties were involved, if that action resulted in a judgment on

the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from

relitigating claims against a defendant that it lost in a previous action against the same defendant

and claims that the plaintiff could have brought in that earlier action but did not." *Marcel

Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018), *rev'd

on other grounds*, 140 S. Ct. 1589 (2020). The doctrine "'serves the interest of society and

litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects

the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*,

226 F.3d 133, 138 (2d Cir. 2000)) (alteration in original). Claim preclusion generally applies if

"(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the

same counterparty or those in privity with them; and (iii) the claim sought to be precluded was

raised, or could have been raised, in that earlier action." *Id.*

---

[3] In a letter filed after he filed his complaint, Plaintiff requests to "change [his] current request of compensation and relief . . . to $1.00 and freedom." (ECF 5.) If Plaintiff intends to seek release from his incarceration arising from his October 20, 2018 arrest and associated state-court conviction, he must pursue *habeas corpus* relief under 28 U.S.C. § 2254 to challenge the judgment of conviction. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise that defense. *See Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017) ("[C]ourts may consider certain affirmative defenses, such as res judicata . . . , *sua sponte*."); *see also Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions").

The elements of claim preclusion are satisfied here. Plaintiff asserts the same claims against the Port Jervis Police Department ("PJPD") in this action that he asserted against the PJPD in *Potter I.* Chief Judge McMahon dismissed those claims in *Potter I* for failure to state a claim on which relief may be granted, which is an adjudication on the merits. *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) ("[A] dismissal for failure to state a claim operates as a final judgment on the merits and thus has res judicata effects." (internal quotation marks and citation omitted)). Accordingly, under the doctrine of claim preclusion, Plaintiff cannot reassert those claims in this action. The Court therefore dismisses Plaintiff's claims against the PJPD for failure to state a claim on which relief may be granted, under the doctrine of claim preclusion. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

B.     **Haniuk and Mehedin**

Plaintiff also reasserts the claims against Haniuk and Mehedin – claims of illegal search and seizure and of false arrest – that were dismissed in *Potter I*.

The Supreme Court held in *Heck v. Humphrey* that a plaintiff is prohibited from asserting a claim under § 1983 that, if successful, would imply the invalidity of the plaintiff's conviction, unless the conviction has been overturned or otherwise invalidated. 512 U.S. at 486-87. Plaintiff was convicted of some of the offenses for which he was arrested by Haniuk and Mehedin. *See* ECF 1:19-CV-10519, 10, at 3. Because Plaintiff did not show that his conviction had been overturned or otherwise invalidated, Chief Judge McMahon dismissed those claims in *Potter I* under *Heck*, for failure to state a claim on which relief may be granted, without prejudice to Plaintiff's asserting them again if his conviction was overturned or otherwise invalidated. *Id.* at 7-10; *see Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds . . . warrants only dismissal *without* prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 487)).

Plaintiff now reasserts those claims, and yet he alleges no facts showing that the conviction has been overturned or otherwise invalidated. Accordingly, the Court dismisses Plaintiff's claims against Haniuk and Mehedin for the same reasons that those claims were dismissed in *Potter I*, without prejudice to Plaintiff's reasserting them *only* if his conviction is overturned or otherwise invalidated.

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's claims against the Port Jervis Police Department for failure to state a claim on which relief may be granted, with prejudice, under the doctrine of claim preclusion. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses Plaintiff's claims against Haniuk and Mehedin for failure to state a claim, under *Heck v. Humphrey*, without prejudice to his asserting those claims again *only* if his conviction is overturned or otherwise invalidated.[4] *Id.*

SO ORDERED.

Dated:   December 14, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[4] The Court declines to grant Plaintiff's letter-request to amend his complaint to assert a claim for release. (ECF 5.) If Plaintiff intends to seek release, he must file a petition for *habeas corpus* relief under 28 U.S.C. § 2254 after exhausting his available state-court remedies. *See* § 2254(b)(1)(A).